IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKETPOWER, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>STRIO CONSULTING, INC., a Minnesota corporation,<br><br>Defendant. | No. C 19-02900 WHA<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO CERTIFY FOR APPEAL AND DENYING MISCELLANEOUS MOTIONS** |

On July 17, 2019, an order transferred this action to the District of Minnesota (Dkt. No. 26). RocketPower immediately moved to certify the order for interlocutory appeal (Dkt. No. 28). The next day, RocketPower waffled on its request to certify, moving for a two-week stay so that it could "evaluate and decide what appellate relief, if any, to pursue at the Ninth Circuit Court of Appeals" (Dkt. No. 29). RocketPower also moved to shorten time to hear the motion to stay (Dkt. No. 30). Strio opposed certification for appeal (Dkt. No. 31).

Once a federal court has ordered a case transferred to another court, immediate appellate review may only be sought by either (i) a petition for writ of mandamus or (ii) by asking the district court for permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *NBS Imaging Sys., Inc. v. United States Dist. Court for the E. Dist. of Cal.*, 841 F.2d 297, 298 (9th Cir. 1998); *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 951 (9th Cir. 1968). Section 1292(b) contains three requirements for certification for interlocutory appeal. Specifically, a controlling question of law must be presented, a substantial ground for difference of opinion

must exist, and an interlocutory appeal must materially advance the litigation. All three requirements must be met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). None has been met here.

*First*, RocketPower solely contends that it presented a controlling question of law. RocketPower never argues that the latter two requirements have been met. This on its own sinks the motion.

*Second*, even RocketPower's contention that it has presented a controlling question of law fails. RocketPower merely parroted the issues presented, never explaining how "resolution of the issue[s] on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). As such, RocketPower has not met a single requirement for interlocutory appeal.

RocketPower's half-baked motions will not be permitted as a tactical ploy to further delay resolution of this litigation. This action has caused enough burden on the courts and the defendant. All three of RocketPower's motions are **DENIED**. The Clerk shall transfer this action to the District of Minnesota.

**IT IS SO ORDERED.**

Dated: July 22, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2