# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Strio Consulting, Inc.,<br>a Minnesota Corporation, | Case No. 19-CV-01048 (ECT/BRT) |
| Plaintiff, | |
| v. | |
| RocketPower, Inc.,<br>a Delaware Corporation, | |
| Defendant. | |

| | |
|---|---|
| RocketPower, Inc.,<br>a Delaware Corporation, | Case No. 19-CV-01928 (ECT/BRT) |
| Plaintiff, | **STRIO CONSULTING, INC.'S** |
| | **ANSWER TO THE SECOND** |
| v. | **AMENDED COMPLAINT** |
| | **AND AMENDED** |
| Strio Consulting, Inc.,<br>a Minnesota Corporation, | **COUNTERCLAIM** |
| Defendant. | |

For its Answer to Plaintiff's Second Amended Complaint ("Second Amended Complaint"), Defendant Strio Consulting, Inc. ("Strio" or "Defendant"), denies each and every thing, matter, and allegation contained in the Second Amended Complaint except as hereinafter accepted, admitted, or otherwise allowed.

1.     Strio states that there are no factual allegations contained in Paragraph 1 of the Second Amended Complaint which require a response, that the Second Amended

Complaint speaks for itself, and that to the extent any factual allegations are made therein, Strio denies the same.

## THE PARTIES

2.      Upon information and belief, Strio admits the allegations in Paragraph 2 of the Second Amended Complaint.

3.      Strio admits the allegations in Paragraph 3 of the Second Amended Complaint.

## JURISDICTION AND VENUE

4.      Strio denies that jurisdiction and venue are proper in California and denies the remaining factual allegations made in Paragraph 4 of the Second Amended Complaint.

## GENERAL ALLEGATIONS

5.      Strio lacks sufficient information regarding Plaintiff's business operations to admit or deny the allegations contained in Paragraph 5 of the Second Amended Complaint and therefore denies the same.

6.      Strio denies the allegations contained in Paragraph 6 of the Second Amended Complaint and Plaintiff's characterization of the work performed by Strio.

7.      Strio lacks sufficient information regarding Plaintiff's business operations to admit or deny the allegations contained in Paragraph 7 of the Second Amended Complaint, but admits that RocketPower has identified certain clients in need of workers which have been staffed with Strio employees and contractors.  All other allegations are denied.

8.      Strio lacks sufficient information regarding Plaintiff's business operations to admit or deny the allegations contained in Paragraph 8 of the Second Amended Complaint and therefore denies the same.

## RocketPower/Strio Joint Employment of Workers

9.      Strio denies the allegations contained in Paragraph 9 of the Second Amended Complaint.

10.     Strio lacks sufficient information regarding Plaintiff's business operations to admit or deny the allegations contained in Paragraph 10 of the Second Amended Complaint and therefore denies the same.

11.     Strio denies the allegations contained in Paragraph 11 of the Second Amended Complaint.

12.     Strio lacks sufficient information regarding Plaintiff's business operations to admit or deny the allegations contained in Paragraph 12 of the Second Amended Complaint and therefore denies the same.

13.     Strio denies the allegations contained in Paragraph 13 of the Second Amended Complaint.

14.     Strio denies the allegations contained in Paragraph 14 of the Second Amended Complaint.

15.     Strio denies the allegations contained in Paragraph 15 of the Second Amended Complaint.

16.     Strio denies the allegations contained in Paragraph 16 of the Second Amended Complaint.

17.     Strio admits that RocketPower was required to pay 100% of the costs of wages and benefits for employees and contractors working on RocketPower related projects, but denies RocketPower fulfilled this obligation, denies the allegations contained in Paragraph 17 of the Second Amended Complaint and states that the parties' agreement and course of dealing/performance speak for themselves.

18.     Strio denies the allegations contained in Paragraph 18 of the Second Amended Complaint.

19.     Strio denies the allegations contained in Paragraph 19 of the Second Amended Complaint and all subparts thereto.

20.     Strio denies the allegations contained in Paragraph 20 of the Second Amended Complaint.

21.     Strio denies the allegations contained in Paragraph 21 of the Second Amended Complaint.

22.     Strio denies the allegations contained in Paragraph 22 of the Second Amended Complaint.

23.     Strio denies the allegations contained in Paragraph 23 of the Second Amended Complaint.

24.     Strio denies the allegations contained in Paragraph 24 of the Second Amended Complaint.

25.     Strio denies the allegations contained in Paragraph 25 of the Second Amended Complaint.

26.     Strio denies the allegations contained in Paragraph 26 of the Second Amended Complaint.

27.     Strio denies the allegations contained in Paragraph 27 of the Second Amended Complaint.

28.     Strio denies the allegations contained in Paragraph 28 of the Second Amended Complaint.

29.     Strio denies the allegations contained in Paragraph 29 of the Second Amended Complaint.

30.     Strio denies the allegations contained in Paragraph 30 of the Second Amended Complaint.

31.     Strio denies the allegations contained in Paragraph 31 of the Second Amended Complaint.

32.     Strio lacks sufficient information regarding Plaintiff's business operations to admit or deny the allegations contained in Paragraph 32 of the Second Amended Complaint and therefore denies the same.

33.     Strio lacks sufficient information regarding Plaintiff's business operations to admit or deny the allegations contained in Paragraph 33 of the Second Amended Complaint and therefore denies the same.

34.     Strio admits that RocketPower was required to deposit all funds received from clients into a shared account with Strio, denies RocketPower met this obligation, and denies the remaining allegations contained in Paragraph 34 of the Second Amended Complaint.

35.     Strio denies the allegations contained in Paragraph 35 of the Second Amended Complaint.

## The Agreements at Issue

36.     Strio denies the allegations contained in Paragraph 36 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

37.     Strio denies the allegations contained in Paragraph 37 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

38.     Strio denies the allegations contained in Paragraph 38 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

39.     Strio denies the allegations contained in Paragraph 39 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

40.     Strio denies the allegations contained in Paragraph 40 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

41.     Strio denies the allegations contained in Paragraph 41 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

42.     Strio denies the allegations contained in Paragraph 42 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

43.     Strio denies the allegations contained in Paragraph 43 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

44.     Strio denies the allegations contained in Paragraph 44 of the Second Amended Complaint.

45.     Strio denies the allegations contained in Paragraph 45 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

46.     Strio denies the allegations contained in Paragraph 46 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

47.     Strio denies the allegations contained in Paragraph 47 of the Second Amended Complaint and states that the agreements referenced speak for themselves.

48.     Strio denies the allegations contained in Paragraph 48 of the Second Amended Complaint.

49.     Strio denies the allegations contained in Paragraph 49 of the Second Amended Complaint.

50.     Strio denies the allegations contained in Paragraph 50 of the Second Amended Complaint and denies that the statute referenced is applicable to this case.

51.     Strio denies the allegations contained in Paragraph 51 of the Second Amended Complaint and denies that the statute referenced is applicable to this case.

52.     Strio denies the allegations contained in Paragraph 52 of the Second Amended Complaint and states that the referenced agreements speak for themselves.

53.     Strio denies the allegations contained in Paragraph 53 of the Second Amended Complaint and denies that the statute referenced is applicable to this case.

54.     Strio denies the allegations contained in Paragraph 54 of the Second Amended Complaint and denies that the statute referenced is applicable to this case.

### Strio's Failure to Make Payroll to Joint Employees in December 2018

55.     Strio denies the allegations contained in Paragraph 55 of the Second Amended Complaint.

56.     Strio denies the allegations contained in Paragraph 56 of the Second Amended Complaint.

57.     Strio denies the allegations contained in Paragraph 57 of the Second Amended Complaint.

58.     Strio denies the allegations contained in Paragraph 58 of the Second Amended Complaint.

### Strio's Threats Against RocketPower with Regard to Joint Employees

59.     Strio states that the written communications referenced in Paragraph 59 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 59 of the Second Amended Complaint.

60.     Strio lacks sufficient information regarding Minted's business operations to admit or deny all of the allegations contained in Paragraph 60 of the Second Amended Complaint, and therefore denies the same.

61.     Strio lacks sufficient information regarding Reflektive's business operations to admit or deny all of the allegations contained in Paragraph 61 of the Second Amended Complaint, and therefore denies the same.

62.     Strio denies the allegations contained in Paragraph 62 of the Second Amended Complaint.

63.     Strio states that the agreement referenced in Paragraph 63 of the Second Amended Complaint speaks for itself and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 63 of the Second Amended Complaint.

64.     Strio denies the allegations in Paragraph 64 of the Second Amended Complaint.

65.     Strio states that the agreement referenced in Paragraph 65 of the Second Amended Complaint speaks for itself and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 65 of the Second Amended Complaint.

66.     Strio states that the agreement referenced in Paragraph 66 of the Second Amended Complaint speaks for itself and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 66 of the Second Amended Complaint.

67.     Strio states that the agreements referenced in Paragraph 67 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 67 of the Second Amended Complaint.

68.     Strio states that the agreements referenced in Paragraph 68 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 68 of the Second Amended Complaint.

69.     Strio states that the agreements referenced in Paragraph 69 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 69 of the Second Amended Complaint.

70.     Upon information and belief, Strio admits the allegation contained in Paragraph 70 of the Second Amended Complaint.

71.     Strio states that the agreements referenced in Paragraph 71 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 71 of the Second Amended Complaint.

72.     Strio denies the allegations contained in Paragraph 72 of the Second Amended Complaint.

73.     Strio states that the communications referenced in Paragraph 73 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 73 of the Second Amended Complaint.

74.     Strio denies the allegations contained in Paragraph 74 of the Second Amended Complaint.

75.     Strio denies the allegations contained in Paragraph 75 of the Second Amended Complaint.

76.   Strio lacks knowledge regarding conversations between Mr. Caldwell and others to which it was not a party and therefore denies the allegations contained in Paragraph 76 of the Second Amended Complaint.

77.   Strio denies the allegations contained in Paragraph 77 of the Second Amended Complaint.

78.   Strio denies the allegations contained in Paragraph 78 of the Second Amended Complaint.

79.   Strio denies the allegations contained in Paragraph 79 of the Second Amended Complaint.

80.   Strio denies the allegations contained in Paragraph 80 of the Second Amended Complaint.

81.   Strio denies the allegations contained in Paragraph 81 of the Second Amended Complaint.

82.   Strio denies the allegations contained in Paragraph 82 of the Second Amended Complaint.

83.   Strio denies the allegations contained in Paragraph 83 of the Second Amended Complaint.

84.   Strio denies the allegations contained in Paragraph 84 of the Second Amended Complaint.

85.   Upon information and belief, Strio admits the allegations contained in Paragraph 85 of the Second Amended Complaint.

86.     Strio denies the allegations contained in Paragraph 86 of the Second Amended Complaint.

87.     Strio states that the communications referenced in Paragraph 87 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 87 of the Second Amended Complaint.

88.     Strio states that the communications referenced in Paragraph 88 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 88 of the Second Amended Complaint.

89.     Strio states that the communications referenced in Paragraph 89 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Further answering, Strio states RocketPower was required to split all profits earned by Ms. Sherron's work with Strio, although it failed to do so, and Strio denies all remaining allegations contained in Paragraph 89 of the Second Amended Complaint.

90.     Strio is without knowledge as to the truth or falsity of the allegations contained in Paragraph 90 of the Second Amended Complaint, and therefore denies the same.

91.     Strio is without knowledge as to the truth or falsity of the allegations contained in Paragraph 91 of the Second Amended Complaint, and therefore denies the same.

92.     Strio states that the communications referenced in Paragraph 92 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 92 of the Second Amended Complaint.

93.     Strio states that the communications referenced in Paragraph 93 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 93 of the Second Amended Complaint.

94.     Strio denies the allegations contained in Paragraph 94 of the Second Amended Complaint.

95.     Strio denies the allegations contained in Paragraph 95 of the Second Amended Complaint.

96.     Strio states that the communications referenced in Paragraph 96 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 96 of the Second Amended Complaint.

97.     Strio denies the allegations contained in Paragraph 97 of the Second Amended Complaint.

98.     Strio states that the communications referenced in Paragraph 98 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 98 of the Second Amended Complaint.

99. Strio states that the communications referenced in Paragraph 99 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same. Strio denies all remaining allegations contained in Paragraph 99 of the Second Amended Complaint.

100. Strio denies the allegations contained in Paragraph 100 of the Second Amended Complaint.

101. Strio denies the allegations contained in Paragraph 101 of the Second Amended Complaint.

102. Strio states that the communications referenced in Paragraph 102 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same. Strio is without knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 102 of the Second Amended Complaint, and therefore denies the same.

103. Strio states that the communications referenced in Paragraph 103 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same. Strio denies all remaining allegations contained in Paragraph 103 of the Second Amended Complaint.

104. Strio states that the communications referenced in Paragraph 104 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same. Strio denies all remaining allegations contained in Paragraph 104 of the Second Amended Complaint.

105.    Strio denies the allegations contained in Paragraph 105 of the Second Amended Complaint.

106.    Strio states that the communications referenced in Paragraph 106 of the Second Amended Complaint speak for themselves and therefore denies the allegations contained therein relating to the same.  Strio denies all remaining allegations contained in Paragraph 106 of the Second Amended Complaint.

107.    Strio denies the allegations contained in Paragraph 107 of the Second Amended Complaint.

108.    Strio denies the allegations contained in Paragraph 108 of the Second Amended Complaint.

109.    Strio denies the allegations contained in Paragraph 109 of the Second Amended Complaint.

110.    Strio denies the allegations contained in Paragraph 110 of the Second Amended Complaint.

111.    Strio denies the allegations contained in Paragraph 111 of the Second Amended Complaint.

112.    Strio denies the allegations contained in Paragraph 112 of the Second Amended Complaint.

113.    Strio denies the allegations contained in Paragraph 113 of the Second Amended Complaint.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

114.    Strio restates, re-alleges, and incorporates herein by reference each of the foregoing Paragraphs.

115.    Strio denies the allegations contained in Paragraph 115 of the Second Amended Complaint.

116.    Strio denies the allegations contained in Paragraph 116 of the Second Amended Complaint that a present and actual controversy exists sufficient to give rise to Plaintiff's claim for declaratory judgment.

117.    Strio denies the allegations contained in Paragraph 117 of the Second Amended Complaint that sufficient adversity exists to give rise to Plaintiff's claim for declaratory judgment.

118.    Strio denies the allegations contained in Paragraph 118 of the Second Amended Complaint insofar as Plaintiff's Second Amended Complaint misstates the statements and allegations in Strio's Complaint in the related case (19-CV-01048).  Strio also denies the remaining allegations of this Paragraph.

119.    Strio denies the allegations contained in Paragraph 119 of the Second Amended Complaint.

120.    Strio denies the allegations contained in Paragraph 120 of the Second Amended Complaint.

121.    Strio denies the allegations contained in Paragraph 121 of the Second Amended Complaint.

122.    Strio denies the allegations contained in Paragraph 122 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION
**(Intentional Interference with Contractual Relations)**

123.    Strio restates, re-alleges, and incorporates herein by reference each of the foregoing Paragraphs.

124.    Strio lacks sufficient information regarding Plaintiff's business operations to admit or deny the allegations contained in Paragraph 124 of the Second Amended Complaint, and therefore denies the same and puts RocketPower to strict proof thereof. Strio denies the remaining allegations contained in Paragraph 124 of the Second Amended Complaint.

125.    Strio denies the allegations contained in Paragraph 125 of the Second Amended Complaint.

126.    Strio denies the allegations contained in Paragraph 126 of the Second Amended Complaint.

127.    Strio denies the allegations contained in Paragraph 127 of the Second Amended Complaint.

128.    Strio denies the allegations contained in Paragraph 128 of the Second Amended Complaint.

129.    Strio denies the allegations contained in Paragraph 129 of the Second Amended Complaint.

130.   Strio denies the allegations contained in Paragraph 130 of the Second Amended Complaint.

131.   Strio denies the allegations contained in Paragraph 131 of the Second Amended Complaint.

132.   Strio denies the allegations contained in Paragraph 132 of the Second Amended Complaint.

133.   Strio denies the allegations contained in Paragraph 133 of the Second Amended Complaint.

134.   Strio denies the allegations contained in Paragraph 134 of the Second Amended Complaint.

135.   Strio denies the allegations contained in Paragraph 135 of the Second Amended Complaint.

136.   Strio denies the allegations contained in Paragraph 136 of the Second Amended Complaint.

137.   Strio denies the allegations contained in Paragraph 137 of the Second Amended Complaint.

## THIRD CAUSE OF ACTION
### (Negligent Interference with Prospective Economic Advantage)

138.   Strio restates, re-alleges, and incorporates herein by reference each of the foregoing Paragraphs.

139.   Strio lacks sufficient information regarding Plaintiff's business operations to admit or deny the allegations contained in Paragraph 139 of the Second Amended Complaint, and therefore denies the same.

140.   Strio denies the allegations contained in Paragraph 140 of the Second Amended Complaint.

141.   Strio denies the allegations contained in Paragraph 141 of the Second Amended Complaint.

142.   Strio denies the allegations contained in Paragraph 142 of the Second Amended Complaint.

143.   Strio denies the allegations contained in Paragraph 143 of the Second Amended Complaint.

144.   Strio denies the allegations contained in Paragraph 144 of the Second Amended Complaint.

145.   Strio denies the allegations contained in Paragraph 145 of the Second Amended Complaint.

146.   Strio denies the allegations contained in Paragraph 146 of the Second Amended Complaint.

147.   Strio denies the allegations contained in Paragraph 147 of the Second Amended Complaint.

148.   Strio denies the allegations contained in Paragraph 148 of the Second Amended Complaint.

## FOURTH CAUSE OF ACTION
### (Unfair Competition – Business & Professions Code § 17200 et seq.)

149.   Strio restates, re-alleges, and incorporates herein by reference each of the foregoing Paragraphs.

150.   Strio denies the allegations contained in Paragraph 150 of the Second Amended Complaint.

151.   Strio denies the allegations contained in Paragraph 151 of the Second Amended Complaint.

152.   Strio denies the allegations contained in Paragraph 152 of the Second Amended Complaint.

153.   Strio denies the allegations contained in Paragraph 153 of the Second Amended Complaint.

154.   Strio denies the allegations contained in Paragraph 154 of the Second Amended Complaint.

155.   Strio denies the allegations contained in Paragraph 155 of the Second Amended Complaint.

156.   Strio denies the allegations contained in Paragraph 156 of the Second Amended Complaint.

157.   Strio denies the allegations contained in Paragraph 157 of the Second Amended Complaint.

158.   Strio denies the allegations contained in Paragraph 158 of the Second Amended Complaint.

159.    Strio denies the allegations contained in Paragraph 159 of the Second Amended Complaint.

## PLAINTIFF'S NEED FOR INJUNCTIVE RELIEF

160.    Strio denies the allegations contained in Paragraph 160 of the Second Amended Complaint.

161.    Strio denies the allegations contained in Paragraph 161 of the Second Amended Complaint.

162.    Strio denies the allegations contained in Paragraph 162 of the Second Amended Complaint.

163.    Strio denies the allegations contained in Paragraph 163 of the Second Amended Complaint.

164.    Strio denies the allegations contained in Paragraph 164 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part because they are without merit and are not brought or asserted in good faith and/or are brought only to unnecessarily and vexatiously multiply these proceedings, and Defendant is therefore entitled to an award of costs, disbursements, reasonable attorneys' fees, and other sanctions pursuant to 28 U.S.C. § 1927, the Federal Rules of Civil Procedure, and other applicable rules.

3.      Plaintiff's claims are barred in whole or in part by accord and satisfaction, set off, recoupment, estoppel, failure of consideration, fraud, illegality, payment, consent, license, waiver, the doctrine of first breaching party, mistake, frustration of purpose, and impossibility.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

5.      Plaintiff's claims are barred in whole or in part by the doctrine of laches and unclean hands.

6.      Plaintiff's claims are barred in whole or in part by lack of or absence of injury, or actual, realized damages.

7.      Plaintiff's claims are barred in whole or in part as their damages, if any, were the result of its own actions, conduct, or negligence, or others over whom Defendant had no control.

8.      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

9.      Plaintiff's claims are barred in whole or in part by the parties' agreements, course of dealing, and course of performance.

10.      Plaintiff's claims are barred to the extent they are subject to an agreement to arbitrate between the parties.

11.      Plaintiff's claims are barred in whole or in part by the application of Minnesota law which applies to all claims pleaded herein.

12.     Plaintiff's claims are barred in whole or in part by the language of the Worker Agreements referenced herein, including without limitation the forum selection and choice of law provisions which apply to Plaintiff as a matter of law.

13.     Plaintiff's claims are barred in whole or in part by its reliance on the laws of the State of California which cannot form the basis of claims in this litigation as a matter of law.

14.     Plaintiff's claims are barred in whole or in part by the July 17, 2019 Order of the Northern District of California Dkt. No. 26, as well as other specific judicial holdings and findings made therein.

15.     Plaintiff's claims are barred in whole or in part as they are compulsory counterclaims to claims asserted by Defendant in the first-filed action, Civ. No. 19-1048 (ECT-BRT).

16.     Plaintiff's claims are barred in whole or in part by the doctrines of res judicata, collateral estoppel, and claim splitting.

17.     Plaintiff's claims are barred in whole or in part by all other defenses available under Federal Rule of Civil Procedure 8 which are incorporated herein by reference.

18.     Plaintiff's claims for punitive damages are barred in whole or in part because Plaintiff has not stated a claim upon which punitive damages can be granted.

19.     Defendant reserves the right to assert other and further affirmative defenses as they become known.

**DEFENDANT/COUNTERCLAIM PLAINTIFF STRIO CONSULTING INC.'S
AMENDED COUNTERCLAIM AGAINST ROCKETPOWER INC.**

Defendant/Counterclaim Plaintiff Strio Consulting Inc. hereby counterclaims and alleges against Plaintiff/Counterclaim Defendant RocketPower as follows:

**JURISDICTION AND VENUE**

1.     Strio is a Minnesota corporation with its registered office address located at 1390 Neal Avenue North, Lake Elmo, Minnesota 55042.

2.     RocketPower is a Delaware Corporation with its registered agent address located at 2035 Sunset Lake Road, Suite B-2, Newark, Delaware 19702 and its registered entity address located at 9000 Crow Canyon Road, Suite 132, Danville, California 94506.

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is diversity between the parties and the amount in controversy exceeds $75,000.

**FACTUAL ALLEGATIONS**

4.     Strio is a Minnesota corporation which supplies staffing solutions to numerous companies over a broad range of industries as well as other services. Caleb Fullhart ("Fullhart") is Strio's chief executive officer.

5.     Strio is customarily contacted by companies either in need of employees to fill immediate roles within their business, or by companies wishing to employ the services of a professional recruiter to hire individuals for a specific position.

6.      While Strio's employees are currently located in over eighteen (18) U.S. states, Strio's employees are subject to employment agreements governed by Minnesota law.

7.      RocketPower "provides talent solutions to rapidly scaling technology companies."

8.      One example of an area which RocketPower provides staffing is through companies manufacturing and testing autonomous driving vehicles.  RocketPower is contacted by these companies to locate and provide individuals with the proper credentials to operate their vehicles.

9.      Mathew Caldwell ("Caldwell") is the founder and current Chief Executive Officer of RocketPower.

10.     Caldwell became aware of Strio and its substantial work force in 2017 and thereafter contacted Fullhart to discuss a potential business relationship between Strio and RocketPower.

11.     Caldwell and Fullhart engaged in discussions and, eventually, negotiations in the following months regarding a potential business relationship between RocketPower and Strio.

12.     As a result of these negotiations, Strio and RocketPower entered into a "shared-cost, shared profit" agreement (the "Agreement") whereby Strio would assign its employees to fill personnel needs for RocketPower as part of its work with various clients, including self-driving car road testing projects and targeted short-term recruiting projects.

13.     Pursuant to the terms of this Agreement, which was memorialized in email communications between the companies, Strio and RocketPower would share equally in the cost of Strio providing its employees' services to RocketPower's customers, including payroll expenses, on an ongoing basis and the parties would equally split any profits derived from projects staffed by Strio's employees.

14.     The parties' Agreement further required RocketPower to invoice its customers for the services provided at an hourly or flat rate.  However, under the terms of the Agreement, RocketPower was required to pay its half of the costs of Strio providing labor, as set forth in invoices provided by Strio, regardless of whether it collected from its customers or if the total payout on a given job exceeded the costs.  Additionally, once RocketPower was paid by its clients, it was further required to pay Strio one-half of all profits earned on work performed.

15.     All invoices sent by Strio indicated payment was to be made in Minnesota and the parties agreed all payments would flow through a joint account in Minnesota.

16.     To establish a joint source of funds to facilitate the sharing of costs and profits under the Agreement, RocketPower and Strio opened a joint checking account through Wells Fargo Bank in Minneapolis, Minnesota.

17.     The parties operated under their Agreement throughout the course of 2018 and into 2019, with RocketPower transferring funds into the parties' joint Minnesota account.

18.     In furtherance of their Agreement, representatives of Strio and RocketPower worked together on a daily basis to operate their joint enterprise and

26

complete administrative functions, including hiring, staffing, invoicing, marketing, and other functions.

19.     The parties' respective representatives and employees also joined in "all-hands" group meetings at various times in 2018, with the first such meeting occurring in Minnesota in August 2018.

20.     As the parties continued to operate under their Agreement, they were successful in securing clients and Strio always provided the required personnel to complete the work for RocketPower's clients.

21.     RocketPower collected millions in revenue from its clients, as evidenced by bank transaction data shared with Strio, but it nonetheless failed to timely pay to Strio its portion of the cost or distribute any profits earned through its activities.

22.     RocketPower also failed and otherwise refused to pay its half of the cost of providing labor to staff the projects to Strio, forcing Strio to pay the entirety of its payroll expenses despite receiving little or no payments from RocketPower in an effort to avoid having to terminate those individuals' employment with the company.

23.     Upon information and belief, RocketPower and Caldwell have wrongfully withheld and diverted funds rightfully belonging to Strio for their own personal and business use, including Caldwell buying a personal new vehicle and funding other projects and companies in which Strio has no stake.

24.     As a result of RocketPower's failure to remit profits to Strio, as well as its refusal to share in the expenses, as per the parties' Agreement, Strio is currently owed at

least $1,169,238.12 by RocketPower, in addition to RocketPower's half of ongoing payroll expenses.

25.     The sum owed by RocketPower to Strio accounts for the advancement of costs incurred by Strio through satisfying its payroll obligations to its Minnesota employees as well as 50% of the profits unlawfully withheld by RocketPower.

26.     RocketPower's unlawful conduct has directly and proximately resulted in significant monetary damages to Strio, as Strio had been supplying RocketPower with the continuous employment services of its Minnesota employees without payment of just compensation or the agreed-upon reimbursement to Strio for its payroll costs, which is contrary to the parties' Agreement.

27.     Strio had a direct contractual relationship with each of the employees and independent contractors who worked on RocketPower-related projects, and each of its employees and contractors signed written contracts memorializing the terms of the parties' agreements (collectively the "Personnel Agreements") prior to, and as a condition of, their employment or contractor relationship with Strio.

28.     All of the work performed by Strio employees and contractors on RocketPower-related projects which generated revenue for Strio and RocketPower's joint business was done pursuant to those individuals' Personnel Agreements.

29.     Each of the Personnel Agreements contained choice of law clauses which provided that the agreements would be subject to and interpreted under Minnesota law.

30.     Each of the Personnel Agreements contained restrictive covenants which, among other things, prohibited the employees and contractors from working for or with

any Strio client or business partner for one year after the termination, for any reason, of that individual's employment or contract with Strio.   The restrictive covenants specifically prohibited these individuals from seeking employment with or otherwise working for RocketPower.

31.   RocketPower had actual knowledge of these Personnel Agreements and the restrictive covenants contained therein.

32.   Notwithstanding, on or about July 1, 2019, RocketPower sent a written communication to all of Strio's employees and contractors assigned to RocketPower-related projects offering each employment with RocketPower in the same role as they were previously performing as an employee/contractor of Strio, and informing those individuals that if they did not resign their employment with Strio and accept RocketPower's offer of employment by midnight on July 2, they would be without a job.

33.   The vast majority of Strio employees who received this communication resigned from Strio and accepted employment with RocketPower in violation of their respective Personnel Agreement.

34.   RocketPower, without justification, tortiously and intentionally procured a breach of Strio's Personnel Agreements by encouraging and aiding Strio's employees and contractors from breaching their agreements under threat of loss of employment.

35.   As a direct and proximate result of RocketPower's conduct, Strio has been damaged, and may continue to be damaged, in an amount to be determined at trial and has suffered irreparable harm to its business.

## COUNT ONE
## TORTIOUS INTERFERENCE WITH CONTRACT

36.     Defendant/Counterclaim Plaintiff re-alleges and incorporates by reference herein the foregoing allegations as though fully set forth herein.

37.     The Personnel Agreements entered into by Strio with its employees and contractors are fully enforceable agreements with binding and enforceable restrictive covenants preventing those employees and contractors from working as employees of RocketPower.

38.     RocketPower and its CEO, Mathew Caldwell, had actual and/or constructive knowledge of the Personnel Agreements, the restrictive covenants contained therein, and the fact that Strio required all employees and contractors to sign Personnel Agreements prior to, and as a condition of, their employment or contractor relationship with Strio.

39.     RocketPower intentionally, tortiously and without justification interfered with Strio's Personnel Agreements by, among other things, hiring Strio's employees and contractors, inducing, encouraging, and aiding those employees and contractors to breach their Personnel Agreements by accepting employment with RocketPower, coercing Strio's employees and contractors into agreeing to accept employment with RocketPower, providing those individuals with false and misleading information, defaming and disparaging the character of Strio personnel, and otherwise improperly attempting to procure breaches of the Personnel Agreements.

40.     RocketPower's interference was improper and without justification.

41.     Through this and other conduct, RocketPower acted with malicious, willful, or reckless disregard for the rights of Strio.  RocketPower either had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the rights of Strio, but nonetheless took actions which resulted in injury to Strio's rights.

42.     As a direct and proximate result of RocketPower's tortious interference with Strio's Personnel Agreements, Strio has been damaged in an amount to be determined at trial, has suffered irreparable harm to its business which monetary damages alone cannot remedy, and is entitled to punitive damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendant/Counterclaim Plaintiff Strio Consulting, Inc., prays for relief as follows in response to Plaintiff's Second Amended Complaint:

1.     That Plaintiff/Counterclaim Defendant RocketPower, Inc. take nothing, and that its Second Amended Complaint against Strio be dismissed with prejudice and on the merits.

2.     That the Court enter judgment in favor of Defendant/Counterclaim Plaintiff Strio in an amount in excess of $75,000.00 to be determined at trial, award Strio punitive damages, costs, and disbursements as permitted by law; and

3.     Grant any further relief it deems equitable and just.

**FAFINSKI MARK & JOHNSON, P.A.**

Dated:  April 3, 2020

By:   *s/ Tyler P. Brimmer*
      Tyler P. Brimmer (#0392700)
      Adina R. Florea (#0395026)
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN  55344
Telephone:  952.995.9500
Facsimile:   952.995.9577
tyler.brimmer@fmjlaw.com
adina.florea@fmjlaw.com

**Attorneys for Defendant**
**Strio Consulting, Inc.**